IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| 11578243 CANADA, INC., BLACKOXYGEN ORGANICS USA, INC., MARC SAINT-ONGE, CARLO GARIBALDI, *Plaintiffs,* v. DAVID BYKOWSKI, *Defendant.* | § § § § § § § § § § § § | SA-21-CV-00880-XR |

**ORDER**

On this date, the Court considered Plaintiffs' advisory to the Court regarding their attempts to effectuate service of the summons and complaint in this case. ECF No. 8. Plaintiffs' notice asks the Court to "determine that service has been effectuated in this case" based on the information provided therein. *Id.* at 2. Alternatively, Plaintiffs ask the Court to direct the U.S. Marshals to effectuate service of the summons and complaint. *Id.*

Plaintiffs are responsible for ensuring that they have effectuated service upon Defendant in accordance with the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]"); *Commons W. Off. Condo Ass'n v. Allied Prop. & Cas. Ins. Co.*, No. SA-17-CV-00921-OLG, 2017 WL 1207251, at *1 (W.D. Tex. Nov. 19, 2017) (describing the proper procedure for effectuating service in federal court); *see also Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) ("When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service.").

Service upon an individual residing within a judicial district in the United States is proper when, *inter alia*, the plaintiffs deliver a copy of the summons and complaint to the individual

1

personally. FED. R. CIV. P. 4(e)(2). Here, Plaintiffs concede that they have not successfully effectuated service upon Defendant personally. *See* ECF No. 8 ¶ 3.

Service is also properly effectuated if the plaintiffs follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" FED. R. CIV. P. 4(e)(1). "Texas law authorizes service of process via registered or certified mail, with return receipt requested." *Akiya v. Sutton*, 378 F. App'x 432, 434 (5th Cir. 2010) (citing TEX. R. CIV. P. 106(a)(2)). "The return receipt must bear the 'addressee's signature.'" *Akiya*, 378 F. App'x at 434 (quoting TEX. R. CIV. P. 107). While Plaintiffs in this case claim that they mailed the summons and complaint to Defendant's last known address via certified mail, return receipt requested, and that Defendant signed the return receipt, *see* ECF No. 8 ¶ 4, the return receipt attached as an exhibit to Plaintiffs' notice shows that an agent, not Defendant, signed the return receipt, *see* ECF No. 8-4, at 2. Indeed, as Plaintiffs submit, it appears that the summons and complaint "were delivered to the front desk, reception, or mail room." ECF No. 8 ¶ 4. Plaintiffs' attempted service, therefore, was insufficient under FED. R. CIV. P. 4.

Finally, the Court does not ordinarily direct the U.S. Marshals to effectuate service unless the plaintiff is proceeding *in forma pauperis*. *See* FED. R. CIV. P. 4(c)(3) (emphasis added) ("At the plaintiff's request, the court *may* order that service be made by a United States marshal[.] . . . The court *must* so order if the plaintiff is authorized to proceed in forma pauperis[.]"). Accordingly, Plaintiffs must continue their efforts to effectuate service. *See* TEX. R. CIV. P. 106.

It is so **ORDERED**.

**SIGNED** this October 15, 2021.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE