# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| 11578243 CANADA, INC., D/B/A BLACKOXGEN ORGANICS, BLACKOXYGEN ORGANICS USA, INC., MARC SAINT-ONGE AND CARLO GARIBALDI § § § § § § **Plaintiffs** § § v. § § DAVID BYKOWSKI, § § **Defendant.** § | Civil Action No. 5:21-cv-880 |

## PLAINTIFFS' MOTION FOR SUBSTITUTED SERVICE

Plaintiffs 11578243 Canada, Inc. d/b/a BlackOxygen Organics, BlackOxygen Organics USA, Inc., Marc Saint-Onge, and Carlo Garibaldi respectfully move this Court for authority to use substituted service to serve Defendant David Bykowski ("Defendant" or "Bykowski") with Plaintiffs' First Amended Complaint and Summons. In support thereof, Plaintiffs respectfully show the Court as follows:

## FACTUAL BACKGROUND

1. Plaintiffs filed their Original Complaint on September 16, 2021.[1] Then on September 22, 2021, Plaintiffs filed their First Amended Complaint.[2] On September 23, 2021, a request for issuance of summons was issued.[3] On the same day, the summons was issued.[4]

2. Between September 23, 2021 and October 26, 2021, Plaintiffs have attempted to serve Defendant on a number of occasions by personal service and certified mail, but have

---

[1] *See* Plaintiffs' Original Complaint, currently on file with the Court. [Dkt.1]
[2] *See* Plaintiffs' First Amended Complaint, currently on file with the Court. [Dkt. 4]
[3] *See* Dkt. 5.
[4] *See* Dkt. 7.

PLAINTIFFS' MOTION FOR SUBSTITUTED SERVICE                                                                 Page. 1

not been successful despite Plaintiffs' due diligence.[5]  True and correct copies of the *Affidavits in Support of Substitute Service* signed by the process server Carol L. Watson ("Watson") and Steve D. Perez ("Perez") are attached hereto as **Exhibits "A" and "B"** respectively**,** and are incorporated by reference herein.

3. Specifically, on September 25, 2021, Plaintiffs initially attempted personal service on Defendant at his last known address of 16465 Henderson Pass, Apartment #1314, San Antonio, Texas 78232-3200 (the "Residence").[6]  At that time, process server Watson observed a white Nissan Rogue SUV with a vehicle plate number 8PNGG in the parking lot near apartment #1314.[7]  Said vehicle is registered to David Bykowski, and upon information is believed to belong to Defendant.[8]

4. Plaintiffs' attempts at personal service on Defendant at the Residence continued, including on September 27, 2021, September 30, 2021 and October 5, 2021.[9]  During each of these visits, Ms. Watson noted that Defendant's vehicle was still parked in the parking lot near apartment #1314.[10]  As there was no response to the knocks on the door, Ms. Watson left contact notices on the front door each time.[11]

5. On October 12, 2021, Ms. Watson made one final attempt to serve Defendant at the Residence.[12]  At that time, Ms. Watson noted that Defendant's vehicle was not on location, but the contact notices previously left on the front door of the Residence had not

---

[5] *See* Advisory To the Court Regarding Plaintiffs' Rule 4.1 Service Attempt, currently on file with the Court. [Dkt. 8]; *See also* Exhibit "A" and Exhibit "B".
[6] *See* Exhibit "A".
[7] *See* Id.
[8] *See* Id.
[9] *See* Id.
[10] *See* Id.
[11] *See* Id.
[12] *See* Id.

been removed.[13] Once again, there was no response so Ms. Watson left yet another contact notice on the front door.[14]

      6.      Plaintiffs then continued their attempts to personally serve Defendant at his Residence through a different process server, Steve D. Perez.[15] Specifically, on October 21, 2021, Mr. Perez verified Defendant's last known address of 16465 Henderson Pass, Apartment #1314, San Antonio, Texas 78232-3200 as Defendant's Residence with the Assistant Manager at the leasing office for the apartment complex.[16] As there was no response, Mr. Perez left a delivery notice on the door of the Residence.[17] Mr. Perez then received a call from Defendant who stated that he was currently out of state and would return in two weeks.[18] This of course raises the question how Defendant knew to contact Mr. Perez if he indeed was out of state and had not seen the notice Mr. Perez posted on the door of the Residence.

      7.      Thereafter, Plaintiffs again attempted personal service at the Residence on October 23, 2021, October 25, 2021, and October 26, 2021.[19] Each time, Mr. Perez left a delivery notice which was not present when he returned to the Residence during subsequent service attempts.[20] During the October 26, 2021 service attempt, Mr. Perez noticed that lights were on and curtains were open at the Residence.[21] Further, a vehicle matching the description of Defendant's SUV was also present at that time, but no movement was noted

---

[13] *See* Id.
[14] *See* Id.
[15] *See* Exhibit "B".
[16] *See* Exhibit "B" ¶ 1.
[17] *See* Id.
[18] *See* Id.
[19] *See* Exhibit "B" ¶ 2-4.
[20] *See* Id.
[21] *See* Exhibit "B" ¶ 4.

PLAINTIFFS' MOTION FOR SUBSTITUTED SERVICE                                                                                     Page. 3

within the Residence.[22]   Despite Plaintiffs' due diligence, none of Plaintiffs' numerous attempts to personally serve Defendant have been successful.[23]

8.  Upon information and belief, Defendant has remained active on his social media platforms of Facebook and LinkedIn since the filing of this lawsuit.[24]  A true and correct copy of the *Declaration of Marc Saint-Onge* is attached hereto as **Exhibit "C"** and is incorporated by reference herein.  Specifically, Mr. Bykowski created a private group page on Facebook called "BOO is WOO" and has been actively posting on the Facebook group page entitled "BOO-Seekers of the Truth."[25]  He regularly posted to these Facebook groups using the name David Bykowski and has published posts since the inception of this action.[26]  Mr. Bykowski also has a LinkedIn profile under the name David Bykowski that he continues to access and use.[27]  Defendant also is known to use the email address joindavesteam@gmail.com.[28]  As such, Plaintiffs respectfully request that the Court grant their Motion for Substituted Service for the reasons detailed below.

## ARGUMENT

9.  Pursuant to Rule 4 (e) of the Federal Rules of Civil Procedure an individual may be served by following either (1) the law of the state where the suit is brought; (2) the law of the state where service is made; or (3) methods listed in Rule 4 itself.  FED. R. CIV. P. 4(e)(1) & (2).  Regardless of which approach is followed here, substituted service is permitted when a person is avoiding service. *See Norris v. Causey*, 869 F.3d. 360, 370 (5th Cir., 2017).  Such service would involve either leaving a copy of Plaintiff's petition and

---

[22] *See* Id.
[23] *See* Exhibit "A" and "B".

[24] *See* Exhibit "C".
[25] *See* Exhibit "C" ¶ 4.
[26] *See* Id.
[27] *See* Exhibit "C" ¶ 5.
[28] *See* Exhibit "C" ¶ 6.

summons with someone of suitable age and discretion at Mr. Bykowski's dwelling or usual place of abode or through his email or social media platforms. *See* Tex. R. Civ. P. 106.

10. Texas Rules of Civil Procedure Rule 106 states, (a) "unless the citation or court order otherwise directs, the citation must be served by: (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." *See* Tex. R. Civ. P. 106(a) (1) & (2).

11. Texas Rules of Civil Procedure Rule 106(b) goes on to state, "[u]pon motion supported by a statement-sworn to before a notary or made under penalty of perjury-listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service: (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit." *See* Tex. R. Civ. P. 106(b) (1) & (2).

12. Further, pursuant to Section 17.033 of the Texas Civil Practice and Remedies Code, "[i]f substituted service of citation is authorized under the Texas Rules of Civil Procedure, the court, in accordance with the rules adopted by the supreme court…may prescribe as a method of service an electronic communication sent to the defendant through a social media presence." TEX. PRAC. & REM. CODE ANN. § 17.033(a).

13. In this case, Plaintiffs have attempted personal service at Defendant's last known residential address in Texas.[29] Plaintiffs also attempted service through certified mail

---

[29] *See* Exhibit "B".

PLAINTIFFS' MOTION FOR SUBSTITUTED SERVICE                                            Page. 5

with return receipt requested.[30] Mr. Bykowski is avoiding service of process in this suit and service cannot be obtained without the benefit of a court order authorizing alternative service.[31] As a result, Plaintiffs requests authority to effectuate service on David Bykowski by serving anyone over the age of sixteen at 16465 Henderson Pass, Apartment #1314, San Antonio, Texas 78232-3200, or in the alternative, if such person refuses to accept service, by attaching documents to the door of 16465 Henderson Pass, Apartment #1314, San Antonio, Texas 78232-3200.  Lastly, if this is unsuccessful, Plaintiffs request the authority to serve David Bykowski through his known email address of joindavesteam@gmail.com and via his social media presence on Facebook and LinkedIn.  Tex. R. Civ. P. 106(b)(2); TEX. CIV. PRAC. & REM. CODE ANN. §17.033.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray for entry of an Order authorizing Plaintiffs to serve David Bykowski by substitute service as outlined in Texas Rule of Civil Procedure Rule 106 (a)- (b) and pursuant to Section 17.033 of the Texas Civil Practice and Remedies Code.

Dated:  October 29, 2021						Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

**By:** /s/ C. Brenton Kugler
State Bar. No. 11756250
brent.kugler@solidcounsel.com
Andrea E. Cook
andrea.cook@solidcousel.com
500 N. Akard Street, Suite 2700
Dallas, Texas 75201
(214) 706-4200
(214) 706-4242 (Telecopy)

**ATTORNEYS FOR PLAINTIFFS 11578243 CANADA, INC., D/B/A BLACKOXYGEN**

---

[30] *See* Dkt. 8.
[31] See Exhibits "A" and "B".

               **ORGANICS, BLACK OXYGEN ORGANICS USA, INC., MARC SAINT-ONGE, AND CARLO GARIBALDI**

## CERTIFICATE OF SERVICE

 The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 29, 2021.

                   /s/ *C. Brenton Kugler*
                   C. Brenton Kugler