IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| 11578243 CANADA, INC., BLACKOXYGEN ORGANICS USA, INC., MARC SAINT-ONGE, CARLO GARIBALDI,<br>　　　　*Plaintiffs,*<br><br>v.<br><br>DAVID BYKOWSKI,<br>　　　　*Defendant.* | §§§§§§§§§§§ | SA-21-CV-00880-XR |

## ORDER

On this date, the Court considered Plaintiffs' motion for substituted service. ECF No. 10. On September 16, 2021, Plaintiffs initiated this action against Defendant for business disparagement, tortious interference with existing and prospective contractual relationships, and defamation. *See* ECF No. 1; *see also* ECF No. 4 (first amended complaint). On October 14, 2021, Plaintiffs filed an advisory regarding their attempts to effectuate service of the summons and complaint on Defendant. ECF No. 8. Plaintiffs' advisory asked the Court to determine that "service has been effectuated in this case" based on the information provided therein. *Id.* at 2. Alternatively, Plaintiffs asked the Court to direct the U.S. Marshals to effectuate service of the summons and complaint. *Id.* On October 15, 2021, the Court denied Plaintiffs' requests and ordered Plaintiffs to continue their efforts to effectuate service. ECF No. 9.

The Federal Rules of Civil Procedure provide that service may be effectuated upon an individual defendant residing within a judicial district by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." FED. R. CIV. P. 4(e)(1). The Texas Rules of Civil Procedure, in turn, provide two methods for effectuating service on an individual defendant: (1) by personal delivery, or (2) by

1

registered or certified mail, return receipt requested. TEX. R. CIV. P. 106(a)(1)-(2). The Texas Rules of Civil Procedure further provide that substituted service may be effectuated: (1) by leaving a copy of the documents with anyone over sixteen years of age at the location of the defendant's usual place of business or usual place of abode as specified by affidavit, or (2) in any other manner deemed to be reasonably effective to give the defendant notice. TEX. R. CIV. P. 106(b)(1)-(2). Texas law prefers personal service over substituted service because greater reliability inheres in personal service. *Taylor v. State*, 293 S.S.3d 913, 915–16 (Tex. App. – Austin 2009, no pet.). Thus, only after service by one of the two methods provided for under TEX. R. CIV. P. 106(6) fails, may the Court, upon a motion supported by proper affidavit, authorize substituted service. *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.3d 298, 98–99 (Tex. 1993). The affidavit must:

> [S]tat[e] the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stat[e] specifically the facts showing that service has been attempted under either (a)(1) [personal delivery] or (a)(2) [registered or certified mail] at the location named in such affidavit but has not been successful.

TEX. R. CIV. P. 106(b).

Here, Plaintiffs have attached affidavits from two process servers, which provide and verify the location of Defendant's residence. *See* ECF Nos. 10-1 ("Watson Aff."), 10-2 ("Perez Aff."). The affidavits state the facts showing that personal service has been unsuccessfully attempted at the location of Defendant's residence. *See id.* Specifically, the affidavits establish that Plaintiffs have attempted to personally serve Defendant no less than nine times. *See id.* The process servers have left notices on Defendant's door and those notices have been collected. *See id.* On October 21, 2021, Defendant contacted one of the process servers by phone and stated that he would be out of the state for two weeks. Perez Aff. at 2. Further, when attempting to serve Defendant, the process servers have observed a vehicle registered under Defendant's name on the premises, as well as a

plaque with Defendant's last name above the patio door. Watson Aff. at 2; Perez Aff. at 2. Plaintiffs also attempted to serve Defendant via certified mail, return receipt requested. ECF No. 10, at 5–6.

Based on these facts and the information provided in the process servers' affidavits, the Court finds that substituted service is appropriate in this case. Accordingly, Plaintiffs' motion for substituted service, ECF No. 10, is hereby **GRANTED**. Plaintiffs may serve Defendant by leaving a true copy of the summons and complaint with anyone over sixteen years of age at 16465 Henderson Pass, Apt. 1314, San Antonio, Texas 78232, with additional service by first class regular mail. Alternatively, Plaintiffs may serve Defendant by leaving a true copy of the summons and complaint attached to the door of 16465 Henderson Pass, Apt. 1314, San Antonio, Texas 78232, with additional service by first class regular mail. Plaintiffs must promptly file proof of service upon completion.

It is so **ORDERED**.

**SIGNED** this November 1, 2021.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE